IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10827
Summary Calendar
_____

United States of America,

Plaintiff-Appellee,

versus

Manuel Orozco Villa,

Defendant, Appellant.

_____

Appeal from the United States District Court
for the
Northern District of Texas
(3:95-CR-084-D)
_____

September 20, 1996

Before JOHNSON, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Manuel Orozco Villa argues that the evidence presented at
trial was insufficient to support his conviction for conspiracy to
possess with intent to distribute cocaine.  Because Villa failed to
renew his motion for acquittal at the close of all of the evidence,
Villa's claim can be reviewed only to determine whether it was a
manifest miscarriage of justice to convict Villa.[1]  See United

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

[1]  In United States v. Pennington, 20 F.3d 593, 597 n.1 (5th
Cir. 1994), the Court questioned whether the miscarriage of justice

States v. Laury, 49 F.3d 145, 151 (5th Cir.), cert. denied, 116 S. Ct. 162 (1995); United States v. Vaquero, 997 F.2d 78, 82 (5th Cir.), cert. denied, 510 U.S. 1016 (1993). "Such a miscarriage of justice would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.) (en banc) (internal quotations and citations omitted), cert. denied, 506 U.S. 898 (1992). After reviewing the record in this action, the Court finds that the evidence presented at trial was sufficient to support the conviction of Mr. Villa.[2]

The district court did not abuse its discretion in ruling that statements made by Villa's coconspirator were inadmissible. The statements were hearsay and the requirements of the hearsay exception were not met. See FED. R. EVID. 804(b)(3); United States v. Sanchez-Sotelo, 8 F.3d 202, 213 (5th Cir. 1993), cert. denied, 114 S. Ct. 1410 (1994).

The district court did not err in overruling Villa's

---

standard is distinguishable from the sufficiency of the evidence standard. "However, because only the court sitting en banc can reverse precedent," Villa's insufficient evidence claim must be reviewed under the miscarriage of justice standard. United States v. Laury, 49 F.3d 145, 151 n.15. (5th Cir.), cert. denied, 116 S. Ct. 162 (1995).

[2] It should be noted that even if Villa's conviction was reviewed under a sufficiency of the evidence standard, the evidence presented at trial would be sufficient to support Villa's conviction. See United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir.), cert. denied, 506 U.S. 918 (1992).

2

objection, based on <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), to the Government's peremptory challenges of two potential jurors. The Government articulated racially-neutral reasons for the exercise of its peremptory strikes and the district court did not abuse its discretion when it determined that Villa had failed to meet his burden of proving purposeful discrimination. <u>See</u> <u>Puckett v. Elem</u>, 115 S. Ct. 1769, 1770-71 (1995).

AFFIRMED.